Commonwealth *v.* Bronson, Appellant.

Argued May 1, 1973. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Barbara Brown,* Assistant Defender, with her *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Albert L. Becker,* Assistant District Attorney, with him *William Boland* and *Milton M. Stein,* Assistant

District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, July 1, 1974:

The appellant, Julius Bronson, was convicted on March 7, 1967, of assault and battery with intent to kill. Post-verdict motions were filed but later withdrawn and the appellant received a sentence of six months to seven years. No appeal was taken from the judgment of sentence. In 1970, appellant filed a PCHA petition. Among the issues raised were (1) whether the appellant was denied the effective assistance of counsel at trial and (2) whether the appellant was denied his appeal rights following his trial. Relief was denied except on the issue of appellant's appeal rights. As to that issue, appellant was granted the right to file post-verdict motions. Counsel for the prosecution and defense agreed that the denial of relief as to the issues raised in the PCHA petition would be appealed together with any order entered following a consideration of additional issues raised in the post-verdict motions. Post-verdict motions were then filed and denied. On appeal the Superior Court affirmed per curiam. *Commonwealth v. Bronson,* 221 Pa. Superior Ct. 767, 291 A.2d 798 (1972). We granted appellant's petition for allowance of appeal.

Appellant argues that he was denied the effective assistance of counsel in that trial counsel failed to raise the defense of alibi. Initially we note that the trial court, in its opinion, did not explain its reasons for denying appellant's claim. No issue is raised by either side in this appeal, however, concerning the lack of a discussion of this issue by the trial court. Moreover, the essential facts are not in dispute although the parties disagree as to the proper legal conclusions to be drawn from the facts. Concerning the issue of the

effective assistance of counsel, we said in *Commonwealth v. Woody*, 440 Pa. 569, 574, 271 A.2d 477, 480 (1970): "[N]o weight [is] given . . . to the allocation of the burden of proof in this area. What is needed is an independent judicial review of the record. Preferably, that independent review should occur initially in the trial court. However, if no such independent review has occurred at the trial level, and if the record is complete enough to support such an examination, this Court then should undertake that task. . . ." This Court can therefore proceed to decide the question raised. We have independently reviewed the record and conclude that the appellant was denied the effective assistance of counsel. We, therefore, reverse the judgment of sentence and award a new trial.

The evidence at trial established that on the evening of July 14, 1966, the victim, Joseph Stewart, while walking along the street, met the appellant's co-defendant. The victim asked the co-defendant for a match and inquired about the co-defendant's presence in the neighborhood. There then appeared from behind the steps of a house a second individual "with a shotgun". The victim was asked where "his boys" were. Just then, a police car appeared in the area. A friend of the victim then appeared on the scene and shouted that the police were coming. The victim and his friend began to run. The victim had covered no more than fifteen feet when he was shot in the back by a shotgun. No one saw the shotgun fired. The prosecution's case rested on the victim's identification of the appellant as the individual with the shotgun. The victim was the only prosecution witness who placed the appellant at the scene.

The appellant and his co-defendant were tried jointly. The Defender's Association of Philadelphia, which represented the co-defendant, did not represent the appellant, because of a conflict of interest which be-

came apparent prior to trial. Counsel for the appellant, however, was not appointed until fifteen minutes before the trial. Prior to this time, the appellant had not been interviewed by any attorney about the charges against him. During the fifteen minute period, the appellant informed his counsel that he had not been involved in the shooting. He said he was with friends at another location at the time of the incident. The appellant testified at his PCHA hearing that defense counsel did not follow through with an investigation of the appellant's whereabouts at the time of the shooting; nor did defense counsel ask appellant for the names or addresses of the alibi witnesses. The appellant at the PCHA hearing gave the names of four individuals who were with him at another location at the time of the shooting.

Appellant's testimony at the PCHA hearing is uncontradicted in the record. Defense counsel, at the PCHA hearing, corroborated the appellant's testimony. Defense counsel remembered being appointed counsel on the same day of the appellant's trial. He further testified that although his recollection surrounding the events of the trial were hazy, he did recall that the appellant had told him about an alibi defense. He did not remember what, if anything, he did about the alibi defense, and gave no explanation concerning his failure to investigate or pursue the alibi defense at trial.

*Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 603, 235 A.2d 349, 352-53 (1967), sets forth the test to be used when the issue is whether counsel was effective. In *Maroney,* we stated: "[B]oth counsel and the courts must recognize that the main issue is whether the accused's rights have been adequately protected. . . .

. . . .

[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to

conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternative we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." *Id.* at 603-05, 235 A.2d at 352-53; *see Commonwealth v. Hill,* 450 Pa. 477, 301 A.2d 587 (1973); *Commonwealth v. Smith,* 442 Pa. 265, 275 A.2d 98 (1971); *Commonwealth v. Woody,* 440 Pa. 569, 271 A.2d 477 (1970).

We, therefore, must decide whether there was any reasonable basis for defense counsel's failure to investigate and raise the alibi defense. An alibi defense would have been consistent with the course of action actually chosen by defense counsel during the trial. Defense counsel attacked vigorously the victim's identification of the appellant as the individual with the shotgun. Defense counsel brought out that the time for observation was short, and that the area was dark. Alibi witnesses would have significantly strengthened the course of action pursued by defense counsel. Such witnesses may well have convinced the fact finder that the victim mistakenly identified the appellant as the individual with the shotgun. Under these circumstances, we are unable to conclude that defense counsel had any reasonable basis for failing to investigate the alibi defense. *Cf. Commonwealth v. Smith,* 442 Pa. 265, 275 A.2d 98 (1971); *Commonwealth v. Woody,* 440 Pa. 569, 271 A.2d 477 (1970). *See also Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973).

The prosecution has argued that we may infer that defense counsel had a reasonable basis for not pursuing the alibi defense from the fact that the prosecution's file was made available to defense counsel. We are not told what was in that file from which we could infer

that defense counsel had a reasonable basis for not pursuing the alibi defense. Certainly, there was no evidence introduced by the prosecution at trial which would have made the investigation of such a defense futile. Moreover, the prosecution's file is not a substitute for an independent investigation by defense counsel. What was said in *Von Moltke v. Gillies,* 332 U.S. 708, 725, 92 L.Ed. 309, 322, 68 S. Ct. 316, 324 (1948), although in a different context, is applicable to the prosecution's argument: "The Constitution does not contemplate that prisoners shall be dependent upon government agents for legal counsel and aid, however conscientious and able those agents may be. Undivided allegiance and faithful, devoted service to a client are prize traditions of the American lawyer. It is this kind of service for which the Sixth Amendment makes provision."

In *Jones v. Cunningham,* 313 F.2d 347 (4th Cir. 1963), defense counsel failed to investigate avenues of defense when the defendant admitted his guilt to defense counsel. *Jones* said: "We cannot acquiesce in the suggestion that because [the defendant] told his court-appointed attorney that he was guilty there was nothing else for the lawyer to do but to plead him guilty and hope for a light sentence. . . . [A]venues of defense remained open, and the manifest failure to seek them out is chargeable to counsel or the lateness of the appointment, or both, not to [the defendant]. . . . Of course, it is not for a lawyer to fabricate defenses, but he does have an affirmative obligation to make suitable inquiry to determine whether valid ones exist. Such a duty is imposed for the salutory reason that '[p]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion. . . .' Von Moltke v. Gillies, 332 U.S. 708, 721, 68 S. Ct. 316, 322, 92 L.Ed. 309 (1948)." 313 F.2d at 352-53.

The record before us contains nothing from which we can conclude that the particular course chosen by defense counsel had some reasonable basis designed to effectuate the appellant's interests. The course of action chosen by defense counsel is perhaps only explainable in view of the lateness of defense counsel's appointment. That fact, however, does not relieve defense counsel of his obligation "to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his *informed* opinion. . . ." *Von Moltke v. Gillies*, 332 U.S. 708, 721, 68 S. Ct. 316, 322, 92 L.Ed. 309, 319 (1948) (emphasis added).

The appellant raises other issues which need not be considered.

Judgment of sentence reversed and a new trial awarded.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.

Mr. Justice EAGEN, Mr. Justice O'BRIEN and Mr. Justice NIX concur in the result.

Mr. Justice POMEROY dissents.