387 A.2d 661

**COMMONWEALTH of Pennsylvania**

v.

**Richard A. SEACHRIST, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 6, 1978.

Decided June 5, 1978.

622

Lester G. Nauhaus, John H. Corbett, Jr., Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant was charged with murder, voluntary manslaughter and kidnapping in connection with the beating

death of Michael Nelson. The trial court denied appellants pre-trial motion to suppress incriminatory statements as products of unnecessary delay and a jury convicted appellant of murder of the third degree. The court imposed a sentence of imprisonment of ten to twenty years. Appellant did not file post-verdict motions.

Subsequently, appellant sought relief under the Post Conviction Hearing Act.[1] On February 18, 1976, the post conviction hearing court granted appellant the right to file post-verdict motions as if timely filed, but otherwise denied relief. On the same date, the court ordered the Public Defender to replace appellant's private trial counsel. On September 2, 1976, following hearing, the trial court denied appellant's post-verdict motions for a new trial and in arrest of judgment. On appeal to this Court,[2] appellant raises three issues:

1) trial counsel was ineffective for failing adequately to prepare to argue the relevancy of certain testimony;

2) the trial court erred in admitting certain statements appellant gave police; and

3) the evidence was insufficient to sustain the conviction for murder of the third degree.

None of these issues has been properly preserved for appellate review. We affirm.

At trial, appellant sought to present testimony of a witness that the victim Michael Nelson participated in the rape suffered by the witness a week before the murder. Appellant claims trial counsel was ineffective for failing adequately to prepare to argue the relevancy of this testimony and that this refusal denied him the right to present a defense that his act rose no higher than voluntary manslaughter. This is the first time appellant has made this particular claim. In his post-verdict motions, appellant argued only

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp.1977).

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977).

that the court erred in refusing to allow this testimony. Appellant has now abandoned his argument that the trial court erred and argues instead that trial counsel's ineffectiveness caused the court's ruling.

Issues not raised in post-verdict motions will not be considered on appeal. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).[3] An exception to this exists, however, when ineffective assistance of prior counsel is raised. The rule then is that ineffectiveness of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents the appellant. *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). Accordingly, where, as here, new post-verdict counsel fails to raise prior trial counsel's ineffectiveness as a ground for post-verdict relief, the issue of trial counsel's ineffectiveness is not properly preserved for appellate review. *Commonwealth v. Smallwood,* 465 Pa. 392, 350 A.2d 822 (1976); *Commonwealth v. Dancer, supra.*[4]

Appellant next claims the trial court erred in ruling that appellant's statements to the police were knowingly and voluntarily made and thus admissible. At no time, however, did appellant make a motion or request of any kind to the trial court to determine voluntariness before submission of the case to the jury.[5] Appellant's motion to suppress the statements alleged only unnecessary delay. At trial, appellant made no objection to admission of the statements. Therefore, appellant has not properly preserved his claim of

**3.** Appellant's post-verdict motions were filed well after publication of *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975) and, therefore, appellant had notice of *Blair's* requirements.

**4.** Appellant has not here raised either post-verdict counsel's ineffectiveness for failing to preserve the claim of trial counsel's ineffectiveness or whether present counsel was ineffective for failing to preserve the underlying substantive claim on the court's ruling of inadmissibility.

**5.** The trial court did properly submit the issue of voluntariness to the jury after giving applicable instructions.

involuntariness. See *Commonwealth v. Nash,* 436 Pa. 519, 261 A.2d 314 (1970); Pa.R.Crim.P. 323; accord *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (upholding a state's finding of waiver where the defendant had failed to make timely objection under the Florida procedural "contemporaneous objection rule," similar to Pa.R. Crim.P. 323, to admission of his inculpatory statements).

Finally, appellant contends the evidence is insufficient to sustain a conviction of murder of the third degree. This issue was not raised on post-verdict motions and therefore is not preserved for appellate review. See *Commonwealth v. Blair,* supra.

Judgment of sentence affirmed.

MANDERINO, J., concurs in the result.