393 A.2d 821

**COMMONWEALTH of Pennsylvania**

**v.**

**Terrance Brian WARREN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Oct. 20, 1978.

Edward F. Browne, Jr., Assistant Public Defender, Lancaster, for appellant.

Henry S. Kenderdine, Jr., Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lancaster County, Pennsylvania. The procedural history relevant to the sole issue on appeal is as follows:

On March 23, 1977, appellant was convicted by a jury of terroristic threats, simple assault and robbery, as a felony of the second degree. Appellant filed no post-verdict motions, and no presentence report was ordered. Appellant was sentenced to a term of not less than seven nor more than twenty-three months for the robbery conviction, two years probation and a $100 fine for the terroristic threats conviction, and two years concurrent probation plus a $100 fine on the assault conviction. This appeal followed.

Appellant argues that pursuant to Rule 1403, Pa.Rules of Criminal Procedure, if in the sound discretion of the sentenc-

ing judge, it is determined that a presentence report is unnecessary, the court must state the reasons for not ordering such a report in any of the following instances: (a) where incarceration for one year or more is a possible disposition under the applicable statutes; (b) where the defendant is less than twenty-one years old at the time of the conviction; or (c) where a defendant is a first offender in that he has not heretofore been sentenced as an adult.

In this case, incarceration for one year or more was possible; the appellant was less than twenty-one years of age and he had not, prior thereto, been sentenced as an adult. The trial court failed to place upon the record his reasons for dispensing with the presentence investigation.

In *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976), our Supreme Court stated:

It is true that the sentence imposed is normally left undisturbed on appeal because the trial court is in a far better position to weigh the factors involved in such a determination. However, we have held that the court's discretion must be exercised within certain procedural limits, including the consideration of sufficient and accurate information. In *Commonwealth v. Green*, 396 Pa. 137, 151 A.2d 241 (1951), a first degree murder case, we held that the trial court abused its discretion when it imposed the death penalty solely on the basis of the criminal act. There was no consideration of the character of the convicted individual and no inquiry was made into any extenuating or mitigating circumstances. See also *Commonwealth v. Irelan*, 341 Pa. 43, 17 A.2d 897 (1941); *Commonwealth v. Garramone*, 307 Pa. 507, 161 A. 733 (1932). In *Commonwealth v. Phelps*, 450 Pa. 597, 301 A.2d 678 (1973), we held that, if the court orders a pre-sentence report, defense counsel has a right to examine its contents before sentencing and, if he contests any portion, to offer evidence in rebuttal. We note further that such review is in conformity with the ABA Project on Minimum Standards of Justice, Standards Relating to Appellate Review of Sentencing, § 3.2 (Approved Draft, 1968):

"The authority of the reviewing court with respect to the sentence should specifically extend to review of:

.    .    .    .    .

(ii) the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based."

The procedures employed by the sentencing court in the appeals before us today ignore the basic premises of Pennsylvania individualized sentencing.

We note that the trial judge may have very sound and compelling reasons for not having requested such a report. However, they do not appear of record, as required by P.R.C.P. 1403.

Accordingly, the judgment of sentence is vacated and the case remanded for resentencing.

HOFFMAN, J., did not participate in the consideration or decision of this case.