399 A.2d 1127

**COMMONWEALTH of Pennsylvania**

v.

**Raymond YOUNG, Jr., a/k/a Raymond Day, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided March 28, 1979.

Carl R. Schiffman, Pittsburgh, for appellant.

Chris G. Copetas, Second Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

PER CURIAM:

Appellant was convicted in a jury trial of armed robbery and receiving stolen goods. In this *nunc pro tunc* direct appeal,[1] he contends that his trial counsel was ineffective in

---

1. The Public Defender office represented appellant throughout the lower court proceedings and filed boilerplate post-verdict motions on his behalf. Contrary to appellant's understanding, no direct appeal

failing to file a motion to suppress oral statements allegedly made by him to police.[2] We find his contention without merit and, accordingly, affirm the judgment of sentence.

When we can determine from the record that a suppression motion, if filed, would have been denied because it lacked merit, we do not declare counsel ineffective for failure to file such a motion. *Commonwealth v. Fisher*, 243 Pa.Super. 128, 364 A.2d 483 (1976); *Commonwealth v. Hill*, 231 Pa.Super. 371, 375, 331 A.2d 777, 780 (1974). The instant case is controlled by *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d 354 (1973). Here, as in *Robinson*, appellant's testimony at trial (1) that he expressed a desire to have counsel present before making an oral statement and (2) that he never made a statement to police is directly refuted by the testimony of two police officers present at appellant's interrogation who stated (1) that appellant was advised of his *Miranda* rights, (2) that he understood and waived those rights, and (3) that, although he refused to make a written or taped statement, he twice orally confessed to participating in the armed robbery. On the basis of this testimony, we conclude that appellant's trial counsel was not ineffective for not filing a meritless suppression motion. *Robinson, supra*.

Appellant also contends that the lower court erroneously admitted references to photographs from which the jury could reasonably have inferred that appellant had en-

was filed. Appellant filed a petition under the Post Conviction Hearing Act ("PCHA"), Act of January 25, 1966, P.L. 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq. in which he claimed that the Public Defender was ineffective in failing to appeal his case. After a hearing, the PCHA court granted appellant's petition and allowed him to file this direct appeal *nunc pro tunc.*

2. By allowing appellant to appeal *nunc pro tunc,* the PCHA court returned the proceedings to the earliest stage at which appellant, with new counsel, can raise prior counsel's ineffectiveness; accordingly, allegations of trial counsel's ineffectiveness are properly raised for the first time here. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). *Cf. Commonwealth v. Seachrist*, 478 Pa. 621, 387 A.2d 661 (1978); *Commonwealth v. Drummond*, 238 Pa.Super. 311, 357 A.2d 600 (1976).

gaged in prior criminal activity. *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972). Because counsel did not raise this claim in post-verdict motions, appellant may not raise it on appeal.[3]  Pa.R.Crim.P. 1123(a); *Commonwealth v. Blair,* 460 Pa. 31, 33 n. 1, 331 A.2d 213, 214 n. 1 (1975).

Judgment of sentence affirmed.

**3.** Appellant does not contend that post-verdict counsel was ineffective for failing to preserve this issue. *See Commonwealth v. Seachrist, supra,* 478 Pa. at 624 n. 4, 387 A.2d at 663 n. 4.