409 A.2d 104

COMMONWEALTH of Pennsylvania

v.

Carl Bruno WIKE, Appellant.

Superior Court of Pennsylvania.

Argued July 16, 1979.

Filed Aug. 31, 1979.

142

John J. Duffy, Philadelphia, for appellant.

Lee Ruslander, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WIEAND, Judge:

Carl Bruno Wike appeals from the judgment of sentence entered following his conviction of first degree murder. He contends (1) that his oral and written statements should have been suppressed because they were the products of coercion; and (2) that trial counsel was ineffective for failing to take various actions calculated to protect appellant's rights.

The evidence adduced at trial revealed a rather bizarre incident in which appellant took the life of his father. Several hours after father and son had had an argument and while his father was asleep on the couch, appellant attempted to strangle him with a length of extension cord. Unsuccessful, appellant then stabbed his father in the neck seven times with a steak knife. He carried his father from the house, placed him in the trunk of his car, and drove to a wooded area some distance from their home. After helping the injured man from the trunk, appellant doused him with gasoline and set him afire with a cigarette lighter. Leaving his father ablaze, appellant drove home. The elder Wike was discovered a short time later and taken to a hospital. He died a month later.

---

* Justice ROBERT N. C. NIX, Jr., of the Supreme Court of Pennsylvania and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

Apprehended on the day of the assault, appellant confessed to the stabbing and burning of his father. He explained to the police that a lifetime of physical and verbal abuse from his father had caused him to attack his father. At trial, appellant claimed provocation, citing this long history of bad blood between father and son. The jury rejected a plea that the verdict should rise no higher than voluntary manslaughter, and found appellant guilty of first degree murder. The sentence was fixed at life imprisonment.

■ The pre-trial hearing judge found that appellant's oral and written statements had been given voluntarily. Our review of the court's refusal to suppress these statements is limited to a consideration of the evidence offered by the Commonwealth (appellant offered no testimony at the suppression hearing). *Commonwealth v. Ewell*, 456 Pa. 589, 319 A.2d 153 (1974). We are satisfied that the suppression hearing court's findings that appellant's oral and written confessions had been made voluntarily are fully supported by the evidence.

■ The claim of ineffective assistance of trial counsel involves various decisions made by trial counsel. First, appellant argues that counsel failed to object to an allegedly misleading and confusing jury charge pertaining to malice and to the burden of proof when provocation is raised by the defense. However, when we read the charge as a whole, and consider the supplemental instructions given by the trial judge, we are satisfied that malice was adequately defined, *Commonwealth v. Cambric*, 475 Pa. 454, 380 A.2d 1224 (1977), that the elements of first degree murder were correctly explained, *Commonwealth v. Whitfield*, 475 Pa. 297, 380 A.2d 362 (1977), and that the jury was told that the Commonwealth had the burden of proving a killing free of provocation. *Commonwealth v. McCusker*, 448 Pa. 382, 292 A.2d 286 (1972). Counsel, therefore, cannot be found ineffective for failing to object to these portions of the trial court's instructions. Counsel is not required to object or take exception when a jury charge adequately and accurately sets forth the law. *Commonwealth v. Bey*, 249 Pa.Super. 185, 375 A.2d 1304 (1977).

Failure of counsel to object to the introduction of physical evidence is also put forth by appellant as evidence of ineffectiveness. Specifically, he argues that the chain of custody of his cigarette lighter had not adequately been established. This contention lacks merit. The Commonwealth need not show a complete chain of custody; it is sufficient to show evidence establishing a reasonable inference that the identity and condition of the evidence have remained the same from the time it was received until the time of trial. *Commonwealth v. Mayfield*, 262 Pa.Super. 96, 396 A.2d 662 (1978). This was shown by the Commonwealth; and, therefore, receipt of the evidence was proper. Similarly, counsel had no reason to object to the admissibility of the steak knife used in the attack upon appellant's father. This had been identified by appellant's mother and, later, by appellant himself. Finally, counsel could not meritoriously object that the gasoline can had been the subject of an improper search and seizure. This evidence had been found in plain view outside appellant's home and was seized after his arrest and confession. These items of evidence were relevant and properly received. Counsel cannot be declared ineffective for not making useless objections. *Commonwealth v. Young*, 264 Pa.Super. 432, 399 A.2d 1127 (1979).

Appellant, now represented by different appellate counsel, makes additional allegations of ineffective assistance which cannot be determined finally from the record before us. One of these averments is that counsel was ineffective for failing to request a change of venue or sequestration of the jury after appellant's confession had been printed on the front page of a local newspaper. The same newspaper is also alleged to have published accusations made by the victim and physical descriptions of his mutilated body. Because we are unable to determine the precise nature of the pre-trial publicity or the basis for counsel's course of action, remand for an evidentiary hearing is necessary. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

Appellant also contends that trial counsel was ineffective for coercing appellant to testify at trial, for failing to have appellant evaluated by a psychiatrist, for failure to call an exculpatory witness, for failure to enter plea bargaining with the District Attorney, for failure to pursue a theory of self-defense, and for failing to prepare witnesses for direct and cross-examination. Upon remand, appellant may also introduce evidence, if he can, to establish the substance of these averments.

Remanded for further proceedings consistent with the foregoing opinion.