416 A.2d 1031

**COMMONWEALTH of Pennsylvania**

v.

**Jerry RHODES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Filed Dec. 7, 1979.

548

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before SPAETH, HESTER and MONTGOMERY, JJ.

MONTGOMERY Judge:

Appellant was convicted by a jury on two counts of burglary. Post-trial motions were filed and denied by the lower court. On January 3, 1975, Appellant was sentenced to a term of ten (10) to twenty (20) years imprisonment. This Court affirmed the judgment of sentence on direct appeal. *Commonwealth v. Rhodes*, 250 Pa.Super. 210, 378 A.2d 901 (1977). Two years later, Appellant filed a pro se petition under the Post Conviction Hearing Act (PCHA), 19 P.S. § 1180-1 et seq.

In this PCHA petition, Appellant alleged that his conviction resulted from: (1) the denial of his constitutional right to effective representation of counsel; (2) the abridgement of a right guaranteed by the constitution or laws of this

Commonwealth or of the United States; and (3) the unavailability at the trial of exculpatory evidence that has subsequently become available and which would have affected the outcome of the trial if it had been introduced. On January 12, 1978, Appellant's petition was dismissed without a hearing by the PCHA Court. This appeal followed, and Appellant has limited his arguments before this Court to claims of ineffective counsel.

■ The first question presented is whether the issue of ineffective counsel is properly before this Court. Appellant was represented at trial and on appeal by counsel from the Public Defender's Office of Dauphin County. Appellant is represented in post-conviction proceedings and on this appeal by court-appointed counsel who is not associated with that office. The Post Conviction Hearing Act specifically provides in § 1180–3(c)(6), that a person is eligible for post-conviction relief if he is denied effective representation by competent counsel. Absent a showing of extraordinary circumstances, however, that issue is deemed waived if it is not raised on direct appeal. 19 P.S. § 1180–4(b)(2). The term "extraordinary circumstances" has been held to include the instance where an appellant is represented at trial and on direct appeal by the same counsel. In such instances, failure to raise the issue of ineffective trial counsel on direct appeal is not deemed to be a waiver of that issue. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Seachrist*, 478 Pa. 621, 387 A.2d 661 (1978). Thus, the issue of ineffective trial counsel has not been waived and is properly before this Court in the instant case.

The trial record discloses that on October 4, 1971, a home on Sunnyside Avenue in Susquehanna Township, Dauphin County, was burglarized. Entrance was achieved by breaking a pane of glass in the kitchen door. On October 10, 1971, at approximately 8:30 P.M., two people were seen by a neighbor on the rear porch of a residence located on Colonial Road, Susquehanna Township. After breaking the glass in the door, the burglars realized that they were being observed, and fled. The neighbor gave chase and apprehended

Lillian Deustch, who subsequently identified her escaping companion as one Sam Jenkins. Jenkins was never found. In March, 1972, Deustch pleaded guilty to attempted burglary and assault in connection with the incident of October 10, 1971. While in prison in June, 1972, Deustch informed authorities that her companion in the October 10, 1971 burglary was actually Jerry Rhodes. Complaints were filed in December, 1972 charging Rhodes with both burglaries. At that time, however, Rhodes was incarcerated in Minnesota. The Commonwealth instituted extradition proceedings and Rhodes was finally returned to Dauphin County on October 29, 1974, where he was subsequently convicted.

Appellant alleges that at a number of critical junctures during the trial, his counsel failed to make alternative decisions which would have "at least some reasonable basis designed to effectuate his client's best interests." He cited *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967) and *Commonwealth v. Bronson*, 457 Pa. 66, 321 A.2d 645 (1974). Appellant asserts that his trial attorney was ineffective because he failed to object to questioning of Appellant by the court which was purportedly irrelevant and highly prejudicial, and he failed to preserve this issue in post-trial motions. The questions to which he refers concerned Appellant's activities when he lived in Minnesota, whether he met the chief prosecution witness in a bar and whether he had been having sexual relations with her.

As a general rule, a trial judge may, in the exercise of his discretion, examine a witness. *Commonwealth v. McGlory*, 226 Pa.Super. 493, 313 A.2d 326 (1973). The rationale for this rule is that it is sometimes necessary for the trial judge to question a witness in order to clarify an important fact or a disputed point. *Commonwealth v. Miller*, 234 Pa.Super. 146, 339 A.2d 573 (1975).

The trial record reveals that the judge's questioning of Appellant did not constitute an abuse of discretion. To the contrary, it appears that the trial judge sought to do

nothing more than elicit certain facts surrounding Appellant's relationship with Miss Deustch for purposes of clarifying the extent of their involvement on the days of the two burglaries, and thereafter. It does not appear that such information had been adequately procured from Appellant, by either counsel, sufficient to permit the jury to understand the nature and extent of their relationship. It is, of course, highly relevant that Appellant and Miss Deustch enjoyed more than a casual involvement at the time that the incidents occurred. Miss Deustch had testified that she had been in love with Appellant, that she had had sexual relations with him and that it was for this reason that she did not implicate him in the burglaries at the time of her arrest. Any evidence which would either corroborate or refute Miss Deustch's version of the extent of Appellant's involvement with her would clearly assist the jury in assessing the veracity of her testimony. To that extent, the trial judge's questions helped to clarify the issues for the jury. Clearly, the probative value of these questions greatly outweighed the possibility of any prejudicial effect.

Thus we cannot conclude that counsel's decision not to object to a legitimate, innocuous line of questioning was indicative of a lack of competency. In fact, Appellant's responses to the questions may have aided his defense to the extent that they contradicted Miss Deustch's earlier testimony. In light of this conclusion, we cannot agree with Appellant's claim that counsel's failure to preserve this issue for appeal can be construed as incompetence. We find that the lower court properly dismissed these claims without a hearing.

Appellant next claims that his counsel was ineffective because he objected to certain proposed testimony specifically as hearsay, thereby preventing an attack on such testimony on appeal on grounds that it was both irrelevant and highly prejudicial. Appellant refers specifically to the testimony of one Anthony Blouch. The gist of Blouch's testimony was that Appellant had told Blouch that he felt responsible for involving Miss Deustch in the burglaries, and

that they should try to intimidate and threaten the witnesses at her trial to discourage them from testifying. Blouch further testified that Appellant had disclosed to him the events surrounding the burglaries and his participation in them. Appellant's counsel continued to renew his objection throughout this testimony.

Hearsay is an extrajudicial utterance offered to prove the truth of the matter asserted therein; it is generally excluded at trial. *Eller v. Work*, 233 Pa.Super. 186, 336 A.2d 645 (1975). Counsel's objection to the introduction of this evidence as hearsay therefore had arguable merit. The objection was properly overruled however, since Appellant's words constituted an admission. As such, they comprised a well recognized exception to the hearsay rule. See *Commonwealth v. Frazier*, 411 Pa. 195, 191 A.2d 369 (1963). This testimony was highly relevant since it demonstrated Appellant's knowledge of the details of the crime, as well as his familiarity with the houses of the victims and the neighborhood in general. It also served to illustrate Appellant's desire to prevent the conviction of a co-felon. In light of the possibility that the conviction of Appellant's co-felon could, and eventually did, lead to his own conviction, Blouch's testimony was both relevant and highly probative of Appellant's involvement in the burglaries. Counsel's objection to the testimony on hearsay grounds must therefore be construed as the only conceivable objection with any likelihood of success. Thus, counsel did not fail to preserve a meritorious issue for appeal.

 Appellant's next contention is that counsel failed to produce a known alibi witness at trial, to-wit, Appellant's wife. Appellant submits that he repeatedly asked counsel to secure Mrs. Rhodes as a witness, claiming that she could have testified that he was with her at the time of the burglaries. The pertinent rule in this Commonwealth provides that trial counsel's failure to present a possible witness is not per se ineffective assistance of counsel. *Commonwealth v. Charleston*, 251 Pa.Super. 311, 380 A.2d 795 (1977). The failure of defense counsel to call a possible witness is

not to be equated with a conclusion of ineffectiveness absent some positive demonstration that the testimony would have been helpful to the defense. *Charleston, supra.* We cannot reach any determination as to counsel's effectiveness in the absence of evidence in the record concerning whether Appellant requested of counsel that his wife be called as an alibi witness, and if he did so, why counsel did not comply with Appellant's request.[1] While the right to an evidentiary hearing is not absolute [*Commonwealth v. Cimaszewski*, 234 Pa.Super. 299, 339 A.2d 95 (1975)]; unless the PCHA court is certain of the total lack of merit of an issue raised in a PCHA petition, a hearing should be held on the issue. *Commonwealth v. Laboy*, 460 Pa. 466, 333 A.2d 868 (1975). This is often the case with respect to claims of ineffective counsel. *Commonwealth v. Johnson*, 231 Pa.Super. 30, 331 A.2d 750 (1974). Thus, with respect to Appellant's claim concerning counsel's failure to call Appellant's wife as an alibi witness, we must remand for a hearing by the lower court.

Appellant also alleges that counsel was ineffective in failing to request a pre-sentence investigation report. The ordering of such a report is discretionary with the sentencing judge, although it is mandatory that the judge place on the record his reasons for dispensing with the report where incarceration for more than one year is a possible disposition under the applicable sentencing statutes. Pa.R. of Crim.Proc. 1403 A(1). In the instant case, Appellant was sentenced in January, 1975. The mandatory requirement of Rule 1403 did not become effective until January, 1977. It is well settled that trial counsel cannot be deemed ineffective for failing to foresee future developments in the law. *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977). The prevailing standards at the time of

1. At trial, Appellant testified he did not call his wife as a witness in support of his alibi because she lived in Minnesota and he could not afford her travel costs to Pennsylvania for the trial. While this statement undercuts Appellant's present contention somewhat, it does not fully resolve the question of whether he requested of his public defender that she be brought to Pennsylvania to testify.

Appellant's sentencing did not require a pre-sentence investigation report. We do not find that the sentence imposed was excessive, as discussed more fully later in this Opinion. We cannot conclude, in these circumstances, that his failure to request a pre-sentence report was prejudicial to Appellant or evidenced ineffective representation.

Appellant claims that counsel was ineffective in not objecting to or appealing sentence. We recognize that a trial court is in the best position to weigh all of the factors involved in determining an appropriate sentence and therefore sentence imposed is usually left undisturbed on appeal. The trial judge has broad discretion in imposing sentence and it is well recognized that as long as the sentence imposed is within the statutory limits, an appellate court will not hold that the sentencing court committed an abuse of discretion unless the sentence is manifestly excessive. *Commonwealth v. Riggins*, 232 Pa.Super. 32, 332 A.2d 521 (1974). We have been cited no authority for the proposition that the failure to object to a sentence imposed by a trial judge within the statutory limits constitutes ineffective assistance of counsel. We find this claim to be frivolous in the instant case, where we can discern no abuse of discretion in sentencing by the lower court.

Appellant next argues that Miss Deustch's testimony was insufficient to establish the crime of burglary with respect to the indictment at No. 1313 C.D. 1973. Appellant specifically alleges that her testimony failed to establish the element of entry, which is a prerequisite to establishing burglary.[2] He contends that trial counsel was ineffective in failing to object to the court's charge to the jury as to the elements of burglary, in failing to advance the issue in post-trial motions, and in failing to raise it on direct appeal.

2. 18 Pa.C.S. § 3502 defines the crime of burglary as follows: "A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter."

We note at the outset that Appellant's counsel did raise the issue of sufficiency of the evidence in his post-trial motions, so that we find no merit in that limited part of Appellant's claim on this point. Appellant's remaining arguments, regarding the sufficiency of the evidence at No. 1313 C.D.1973, might be considered meritorious if Miss Deustch's testimony were the only evidence with respect to the burglary at 3228 Colonial Road on October 10, 1971. Miss Deustch testified that the Appellant was her companion in this incident and that he had broken the window on the door of the premises. Her testimony was somewhat ambiguous on the element of entry. Evidence on the element of entry was provided by the homeowner, however, who testified that he arrived home after the burglary to find the bottom glass window of the back door of his home broken and the door open. Normally that door was locked, and someone had obviously reached in through the broken window to unlock the door.

Therefore, while Miss Deustch's testimony, standing alone, may have been insufficient to provide evidence of entry, the homeowner's testimony established the element of entry sufficiently to support the conviction for the crime of burglary. It has been held that "entry" is accomplished in the event that any part of the intruder's body enters the structure. See *Commonwealth v. Carter*, 236 Pa.Super. 376, 344 A.2d 899 (1975); *Commonwealth v. Myers*, 223 Pa.Super. 75, 297 A.2d 151 (1972). Because we find that the evidence was sufficient to establish the crime of burglary on the indictment at No. 1313 C.D.1973, we cannot find that trial counsel was ineffective for failing to object to the court's charge to the jury with respect to the elements of burglary, and for failing to raise the same argument on direct appeal.

Appellant also contends that trial counsel was ineffective in failing to object and thereby preserve for review the question of whether a portion of the lower court's charge to the jury was prejudicial. The portion of the court's charge in question was as follows:

"They never had sexual relations together. It was more or less that he was just a roomer there with her at her apartment. The way that may or may not become relevant, one of the issues you will decide is you will recall Lillian Deustch's testimony put a different light on that relationship and also she said that the reason she had not revealed the name of Mr. Rhodes immediately to the police was because she was in love with him."

The standard for determining whether a remark made by a trial judge is prejudicial or inflammatory was recently articulated in *Commonwealth v. Rolison*, 473 Pa. 261, 374 A.2d 509 (1977). That case defines a prejudicial remark as one which is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial. Also see *Commonwealth v. Williams*, 468 Pa. 453, 364 A.2d 281 (1976); *Commonwealth v. McNeal*, 456 Pa. 394, 319 A.2d 669 (1974). In short, we conclude that the passage in question cannot reasonably be said to have been prejudicial, and certainly cannot be held to have deprived Appellant of a fair and impartial trial. Thus, the claim of ineffective assistance of counsel with respect to the portion of the court's charge in issue is without merit.

Appellant also claims that trial counsel was ineffective for merely filing "boiler-plate" post-trial motions. Those motions merely argued that the verdict was contrary to the evidence and the law. In support of this argument, Appellant cites no specific additional issues which counsel could have raised beyond those previously discussed in this Opinion. In the absence of any citation to any specific additional issues that could have been raised through post-trial motions, we find no merit in this claim.

Appellant next contends that his defense counsel was ineffective in failing to object at the time of sentencing, or thereafter in post-trial motions and on direct appeal, to an erroneous computation of sentence by the trial court. He bases this argument upon the Interstate Agreement on Detainers Act (19 P.S. § 1431). This issue does not merit

extended discussion. Appellant did not receive credit on his Pennsylvania sentence until the date of his return to our Commonwealth. Although he sought credit on this sentence for time served in Minnesota before returning to Pennsylvania, his own testimony at his sentencing hearing indicates he was serving such time as a result of a Minnesota conviction. His claim with regard to error in sentencing is therefore without merit under the Interstate Agreement on Detainers Act. See also Pennsylvania Rules of Criminal Procedure Rule 1406, as effective at the time of Appellant's sentencing. Thus, Appellant's claim that counsel was ineffective in not pursuing this claim is devoid of merit.

Appellant's final contention is that the trial judge should have disqualified himself from reviewing Appellant's PCHA petition because of certain comments made during the trial. The comments in question arose during a side-bar discussion in reference to a possible guilty plea by Appellant in return for a specific sentence recommendation by the District Attorney. In the course of that discussion, the trial judge indicated that it would be unlikely that he would accept a proposed recommendation sentence because he considered burglaries to be crimes of a serious nature in the community.

We cannot conclude that this comment exhibited any degree of prejudice on the part of the trial judge toward Appellant. Rule 1502(b) of the Pennsylvania Rules of Criminal Procedure provides that the Administrative Judge shall assign the petition to the judge who presided at trial, if he is available. In light of that Rule, and in the absence of any apparent prejudice in the comments of the trial judge, we find that Appellant has not established sufficient grounds for reversal on this issue.

In conclusion, we find possible merit in only one claim raised by Appellant. That claim involves his allegation that trial counsel was ineffective for failing to secure Appellant's wife as an alibi witness. On that issue alone, we will

remand for a hearing by the PCHA court. We have rejected all of his other claims of error.

Affirmed in part; reversed and remanded in part.

SPAETH, J., filed a concurring and dissenting opinion.

SPAETH, Judge, concurring and dissenting:

I agree with and join the majority's opinion except on the point discussed below.

I believe appellant is entitled to an evidentiary hearing on his claim that trial counsel was ineffective in failing to object to the sentence imposed by the trial court. Appellant alleged in his PCHA petition that the trial court's sentence constituted a manifest abuse of discretion because it was "made without consideration of the rehabilitation and correctional needs of [appellant] and solely on the basis of the criminal charge." The record supports this allegation.

At appellant's sentencing hearing, the trial court justified its sentence as follows:

THE COURT: On the conviction of burglary at No. 1311 Criminal Division 1973 the Court notes your prior convictions in Minnesota for the same offense. The Court further takes note of the increasing incidents of residential home burglaries throughout Dauphin County. It is a criminal pattern that must be stopped. People have worked and saved for years to own their own homes and to place within their homes possessions of various types, some of which irreplaceable and these residential homes in this county, we see it every day in the newspapers, are being burglarized, ransacked, possessions destroyed, money stolen. In this case you have been convicted as we note by a jury of your peers of having burglarized two Susquehanna Township residences and in activity following two prior convictions of the same offense in another State.

Accordingly in the view of this Court the only appropriate sentence is the maximum punishment allowed by law which will serve not only to remove you from this community but also hopefully serve as a deterrent to others who might be similarly disposed.

These reasons would be insufficient to support appellant's sentence had appellant been sentenced under our present Sentencing Code, Act of Dec. 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S.A. §§ 1301 *et seq. See Commonwealth v. Knight,* 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Kosta,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Wicks,* 265 Pa.Super. 305, 401 A.2d 1223 (1979).* Even before enactment of this Sentencing Code, however, there were some procedural safeguards against sentencing abuse. *See Commonwealth v. Riggins,* 232 Pa.Super. 32, 40, 332 A.2d 521, 525 (1974) (SPAETH, J., dissenting) (collecting authorities), *vacated,* 474 Pa. 115, 377 A.2d 140 (1977). Specifically, appellant's trial counsel could have asked the trial court to order a pre-sentence investigation; he also could have petitioned the court to reconsider the sentence. Why he failed to do either does not appear of record. Whether a pre-sentence report or petition to reconsider would have disclosed mitigating circumstances that might have persuaded the trial court to impose a different sentence, or an appellate court to reduce the sentence if the court refused, is likewise unknown.

The majority is of course correct in saying that the trial court was not legally obliged to order a pre-sentence report, but that does not resolve whether appellant's trial counsel was ineffective in not even asking the court to order a report or to reconsider its sentence. The issue is not whether appellant would have secured relief had his counsel availed himself of either of these procedural safeguards against sentencing abuse; it is whether appellant's claim that counsel was ineffective for not doing so is so "patently frivolous and [ ] without a trace of support [ ] in the record" that the lower court properly denied him a hearing on the claim. 19 P.S. § 1180–9 (Supp. 1978–79). Since only an evidentiary hearing can establish whether trial counsel had

* Also, under our present Rules of Criminal Procedure, the trial court's failure to state its reasons for dispensing with a pre-sentence investigation report would itself be grounds for vacating appellant's sentence. *See* Pa.R.Crim.P. 1403(A)(2)(a); *Commonwealth v. Warren,* 259 Pa.Super. 268, 393 A.2d 821 (1978).

562

any reason reasonably calculated to serve his client's interest, *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975), not to ask the court to order a pre-sentence report or to reconsider its sentence, I dissent from the majority opinion on this issue.