444 A.2d 709

**COMMONWEALTH of Pennsylvania,**

v.

**Terry BOYER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed April 16, 1982.

Ronald P. Rusinak, Assistant Public Defender, Ebensburg, for appellant.

Gerard Long, District Attorney, Ebensburg, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from judgment of sentence for neglect to support a bastard child. 18 Pa.C.S. § 4323. This is the second time we have considered this appeal. The first time we remanded so that the lower court might appoint new counsel. *Commonwealth v. Boyer*, 277 Pa.Superior Ct. 82, 419 A.2d 671 (1980). New counsel was appointed, and he now argues, among other issues, that trial counsel was ineffective for failing to file an application for an order dismissing the charge on the ground that Pa.R.Crim.P. 1100 had been violated. We agree and therefore order appellant discharged.

The complaint against appellant was filed on July 19, 1976. The Commonwealth never applied under Rule 1100(c) for an order extending the time for trial; no period of time was excludable under Rule 1100(d); and appellant did not formally waive his Rule 1100 rights. The last day on which trial could properly have commenced was therefore January 15, 1977. In fact trial did not commence until April 7, 1977.

The Commonwealth admits that it never applied for an order extending the time for trial and that appellant's trial counsel failed to apply under Rule 1100(f) for an order dismissing the charge. It maintains, however, that the claim that trial counsel was therefore ineffective has been waived because it was not raised in appellant's post-verdict motions.

In *Commonwealth v. Seachrist*, 478 Pa. 621, 387 A.2d 661 (1978), the Supreme Court said:

> Issues not raised in post-verdict motions will not be considered on appeal. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). An exception to this exists, however, when ineffective assistance of prior counsel is raised. The rule then is that ineffectiveness of prior counsel must be raised at the earliest stage in the proceedings at which counsel whose ineffectiveness is being challenged no longer represents the appellant. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

*Id.*, 478 Pa. at 624, 387 A.2d at 663 (footnote omitted). The Court thus identified two situations. In the first situation the defendant is represented at trial by Lawyer A and at the post-verdict proceedings by Lawyer B. In this situation Lawyer B must raise the issue of Lawyer A's ineffectiveness in the post-verdict motions, or the issue will be held waived. In the second situation the defendant is represented at trial and at the post-verdict proceedings by Lawyer A; Lawyer B does not enter the case until after the post-verdict motions have been denied. In this situation Lawyer B must

raise the issue of Lawyer A's ineffectiveness on appeal, or the issue will be held waived.

■ The present case falls within the first of these two situations. Appellant was represented at trial by Stephen Dugan and at the post-verdict proceedings by Ronald Rusinak. But Dugan and Rusinak were both assistant public defenders. Since one assistant defender cannot be expected to argue that a fellow assistant defender was ineffective, a defendant represented by different assistant public defenders is regarded as having been represented by a single lawyer—Lawyer A, in the terms of our illustrations. *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977); *Commonwealth v. Crowther*, 241 Pa.Superior Ct. 446, 361 A.2d 861 (1976). The fact that Rusinak did not raise in the post-verdict motions the issue of Dugan's ineffectiveness is therefore of no consequence. On our remand a new lawyer, Kevin Sanders, was appointed—Lawyer B in the terms of our illustrations. Since Sanders raised the issue of Dugan's and Rusinak's ineffectiveness "at the earliest stage" he could, that is, on this appeal, the issue has not been waived.

■ The Commonwealth next argues that even so, we should remand to the lower court for an evidentiary hearing to determine whether trial counsel had some reasonable basis for not applying under Rule 1100(f) for an order dismissing the charge. But remand would serve no useful purpose. Where, as here, the violation of Rule 1100 is manifest, there can be no reasonable basis for failing to apply for an order dismissing the charge. *Commonwealth v. Weber*, 256 Pa.Superior Ct. 249, 389 A.2d 1107 (1978). *See also, Commonwealth v. Byrd*, 250 Pa.Superior Ct. 250, 378 A.2d 921 (1977), *case remanded* 493 Pa. 178, 425 A.2d 722 (1981) (remand to determine whether in fact Rule 1100 had been violated).

The judgment of sentence is vacated and appellant is ordered discharged.