528 A.2d 997

**COMMONWEALTH of Pennsylvania**

v.

**Jimmy GOODSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 25, 1987.

Filed July 29, 1987.

Karen Zeitz, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and McEWEN and TAMILIA, JJ.

TAMILIA, Judge:

Appellant appeals from judgment of sentence imposed following his conviction for involuntary deviate sexual intercourse, simple assault, indecent exposure, indecent assault and terroristic threats. The facts, as established at trial, indicate appellant grabbed the victim in an alley (the victim being a stranger to him), wrapped his arm around the victim's neck, put a blunt object to her back and subjected her to anal rape on two occasions over an extended period of time, while dragging her from place to place at 1:30 a.m.

 Appellant's first argument is that sentence should be vacated and the case remanded for resentencing because the sentence is unreasonable and the trial court grossly deviated from the sentencing guidelines. Judge Avellino sentenced appellant to not less than ten (10) nor more than twenty (20) years in prison, the statutory maximum for involuntary deviate sexual intercourse. Appellant argues the guidelines call for 78–97 months in the aggravated range for a 9–3 (appellant's offense gravity and prior record score) and that the sentence imposed was a gross deviation from the guidelines. Appellant alleges the trial judge erred in failing to consider mitigating factors and in considering the gravity of the crime and prior record of appellant—things already factored into the guidelines. The Commonwealth points out, at note 1 of their brief, that the defendant has not provided a separate statement of reasons for allowance of appeal of the discretionary aspects of sentence. Failure to produce a separate statement of reasons for allowance of appeal of the discretionary aspect of sentencing, required by Pa.R.A.P. 2119(f), precludes a review of the sentence by this Court. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). As to that issue, we quash.[1]

1. This case cries out for expeditious resolution of the sentencing issue and would save the inevitable further hearing and appeal under the

■ Secondly, appellant argues reversible error was committed at trial when the prosecutor asked the appellant, on cross-examination, if he had not called the victim from prison and threatened her. The Commonwealth notes that the court did sustain the defense counsel's objection to this question and that the defense counsel sought no further relief. Appellant contends this failure to seek further relief constituted ineffectiveness of counsel. Also, appellant urges that he was denied effective counsel in that his trial counsel failed to object to the Commonwealth's medical exhibits introduced at trial and failed to raise this issue in post-verdict motions. While these issues were not preserved by trial counsel in post-verdict motions, since appellate counsel is new counsel, alleging ineffectiveness of trial counsel on these issues for the first time on appeal, we may properly consider them here. *Commonwealth v. Slyman,* 334 Pa.Super. 415, 434 n. 18, 483 A.2d 519, 529 n. 18 (1984) citing *Commonwealth v. Seachrist,* 478 Pa. 621, 387 A.2d 661 (1978) and *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). *See Commonwealth v. McBee,* 513 Pa. 255, 520 A.2d 10 (1986).

■ As to failure to seek additional relief for improper questioning on cross-examination by the Commonwealth concerning the alleged threatening telephone call by the appellant to the victim, the court, after objection, ruled the questioning was improper and excluded it from his consideration on the merits. Because this was a bench trial, we are confident the trial judge avoided being influenced by this line of questioning. We, therefore, find no prejudice to the appellant in this regard. *See Commonwealth v. Larkins,* 340 Pa.Super. 56, 489 A.2d 837 (1985).

Post Conviction Hearing Act if we were able to do so. Here, the sentencing judge permitted an exhaustive (45 pages) colloquy with the appellant reviewing all of the evidence, the appellant's past record, mitigating circumstances and potential for future violent behavior. The appellant had previously served five years in a penal institution as a juvenile for a gang homicide and was awaiting sentence, after pleading no contest, to an additional sex related crime.

28

■ Finally, the failure to object to admission of Commonwealth's medical exhibits also appears to be nonprejudicial. Stipulation to admission of medical testimony in and of itself is not error. The records were provided to defense counsel the same day they were received by the Commonwealth and there can be no allegation that they were improperly withheld. The record indicates trial counsel used the medical records to the appellant's advantage by attempting to show, as indicated by the physical examination, that there was no trauma, edema, lacerations and no bleeding to the rectal area (T.T. 2/28/86, pp. 136–137). We perceive no error or prejudice in failing to object to the admission of the medical record and, in fact, believe trial counsel had good and substantial reasons *not* to object to their admission. Pursuant to *Commonwealth v. Pierce*, 515 Pa. ——, 527 A.2d 973 (1987), we find no basis to sustain the allegation of ineffectiveness of counsel since no prejudice has resulted.

We, therefore, quash the issue regarding the excessiveness of sentence and affirm the judgment of sentence as to all others.