## Commonwealth v. Forker.

*David F. Mauger*, District Attorney, for Commonwealth.

*George Eves*, for defendant and exceptions.

SCHAEFFER, P. J.—The defendant, Horace M. Forker, Jr., was jointly indicted with Jack Stanley and John Martin for unlawfully attempting to break and enter the gas station of the Pennsylvania Independent Oil Company in the Borough of Boyertown, this county. Stanley and Martin have not been apprehended. Forker was called for trial and, after the Commonwealth had rested, demurred to the testimony. We thereupon gave judgment for the Commonwealth upon the demurrer and adjudged the defendant guilty. This action is now before us for review.

It appears from the testimony that about 1 A. M., on July 15, 1927, three citizens of Boyertown noticed two automobiles stop in said borough and three men emerge and walk away. The witnesses, suspecting these men of intending to steal some other automobile, watched them and saw this defendant, Forker, come across the private graveled driveway of the gas company to one of the automobiles parked nearby. In reply to the witness's inquiry, Forker said he had engine trouble and denied knowledge of the other two men. Police officers were then called, and two pinch bars, which the Commonwealth contends were burglar tools, were found under the mat on the floor before the front seat of defendant's car. Forker was taken into custody and made a statement, under oath, to the officers, setting forth that he had left Philadelphia that night in company with the other two defendants to go to Boyertown for the purpose of robbing a gas station, which turned out to be a station of the Pennsylvania Independent Oil Company; that the defendant used his Dodge car and the other two a Packard car; that they stopped near the gas station, but were disturbed before being able to execute their plan, and that the other two escaped.

There is evidence that Forker was upon the land of the oil company before he was accosted by the witnesses; but there is no evidence that he or either of the other defendants had actually touched or came into physical contact with the building of the oil company that they intended to enter, or that any door, window, lock or other part of said building had been opened or broken or tampered with in any way whatsoever, or anything disturbed in any manner whatsoever.

The unlawful intent to enter and to steal is admitted. But a mere intent is insufficient, under our law, to constitute an offense. There must be an act in furtherance of the intent before a person becomes amenable to the criminal law. There must be at least an attempt to do the unlawful act. An attempt is defined in Com. v. Eagan, 190 Pa. 10, 21, as "an overt act done in pursuance of an intent to do a specific thing, tending to the end but falling short of complete accomplishment of it." And it is there also said: "In law, the definition must have this further qualification, that the overt act must be sufficiently proximate to the intended crime to form one of the natural series of acts which the intent requires for its full execution. So long as the acts are confined to preparation only and can be abandoned before any transgression of the law or of others' rights, they are within the sphere of intent and do not amount to attempts. Thus the acts of the prisoner in going to Pepper's place and watching his house, and even of preparing the rope to tie him, while undoubtedly done in pursuance of the intent, did not go beyond mere preparation, and had the intent been abandoned at this point, an indictment for an attempt to commit robbery or burglary could not have been sustained." See, also, Com. v. Puretta, 74 Pa. Superior Ct. 463; Com. v. Stefanczyk, 77 Pa. Superior Ct. 27. In the case before us, the intent had not been translated into any unlawful act; the defendant's acts had not gone beyond preparation, if indeed preparation was complete. In the absence of any evidence that the defendant or his accomplices had in fact done something which actually amounted to an attempt to gain entrance to the building which it is alleged and admitted they intended to rob, no indictable offense had been committed.

And now, to wit, Dec. 5, 1927, the defendant's exceptions are sustained and judgment upon the demurrer is directed to be entered against the Commonwealth and in favor of this defendant.

From Charles K. Derr. Reading, Pa.