## Commonwealth v. Townsend et al.

*Arnold Forrest*, district attorney, and *Henry S. Miller*, assistant district attorney, for Commonwealth.

*Wellington H. Rosenberry, Jr.*, for defendants.

HESS, J., twenty-third judicial district, specially presiding, November 6, 1948.—Defendants Raymond Townsend and Harold R. Noble were indicted by the Commonwealth upon a charge of burglary and were found guilty by a jury. Defendants were arrested in the Borough of Pottstown in the vicinity of Wilson Street and Winding Road. A short distance from the place where defendants were arrested is located a restaurant; the building into which it is alleged they "broke and entered".

A pane of glass in a rear door leading into a portion of the restaurant premises was broken. A bolt lock on the door was unlocked from the inside but a second lock on the door remained secure and the door was not actually opened. It was contended by the Commonwealth that the "breaking and entering" occurred when defendants broke the pane of glass and one of them inserted his hand in the aperture resulting from the break and unlocked the slide bolt on the inside of the door. Upon being apprehended defendants first denied any connection with the affair but later, according to testimony of police officers, admitted breaking the pane of glass and inserting a hand inside the door for the purpose of unlocking the door.

Defendants contend that the "entry" demonstrated under the testimony is not sufficient in law to constitute the crime of burglary. Under The Penal Code of June 24, 1939, P. L. 872, sec. 901, 18 PS §4901, "Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein is guilty of burglary, a felony, . . .". We have studied the authorities submitted by counsel for defendants and find that they are inapplicable to the facts of the case before us. In each instance the facts went no further than to show an intent·to enter or preparations to enter a building and, of course, on the facts present in each case the element of an "entry" was not established.

The situation now before us is in a different category. There was credible evidence upon which the jury could find not only an actual breaking but also the "entry" into the building of at least the hand of one of the defendants. "It is not necessary that the party shall get his whole body into the house, and the least entry of any part of the body is sufficient": 12 C. J. S. 674. In California, under a statute somewhat similar to the Pennsylvania statute relating to

burglary, a defendant was convicted of burglary under a set of facts almost identical to the facts of the instant case in that defendant broke a window of a service station and lifted a sales register through the opening. In that case, People v. Pettinger, 94 Cal. App. 297, 271 P. 132, the court at page 299 stated: "It is not necessary to the commission of burglary that the defendant get his whole body into the building. The introduction of his arm is sufficient." Commonwealth v. Stefanczyk, 77 Pa. Superior Ct. 27, is authority for the same proposition even though the facts are dissimilar and the act of assembly there involved related to railroad equipment. At page 29, the court stated as a general proposition that:

"Even in the case of burglary where definitions have been rigidly followed it has been held that it is not necessary that the defendant should get his whole body into the house. That the least entry of any part of the body is sufficient, as the entry of the hand, or the fingers only, or of the head or foot. It is not even necessary in order to constitute burglary, that the entry shall be by any part of the body; it may be by an instrument, as in the case where a hook or other instrument is put in with intent to take out goods, or a pistol or gun with intent to kill, and that whatever instrument be used it shall be inserted for the immediate purpose of committing the felony or aiding in its commission."

We can see no merit in the only reason pressed by defendants as ground for a new trial. It follows that a new trial must properly be refused.

And now, to wit, November 6, 1948, the motion of Raymond Townsend and Harold R. Noble for a new trial is refused and defendants are ordered to appear before the court for sentence on Friday, December 3, 1948, at 10 a.m.