Commonwealth, Appellant, *v.* Myers.

Argued September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*David J. Brightbill,* Assistant District Attorney, with him *George E. Christianson,* District Attorney, for Commonwealth, appellant.

*Robert C. Rowe,* with him *Spitler, Rowe, Silberman & Kilgore,* for appellee.

OPINION BY PACKEL, J., November 16, 1972:

This case is here on an appeal by the Commonwealth from an order sustaining the defendant's demurrer to the evidence on a charge of burglary. Two state police officers testified that they discovered the defendant standing in front of a door to an Atlantic service station at 3:10 in the morning. They stated that the door had been splintered around the lock assembly, that the window closest to the doorknob had been broken, and that just twenty minutes previously they had inspected the gas station and found the door undamaged. The trial judge granted defendant's demurrer on the ground that the evidence was insufficient to establish the element of entry necessary for a burglary conviction. We reverse.

It is true that in this case there is no direct evidence of an entry. But the condition of the door suggests that an entry did in fact occur. The frame was damaged as if someone had attempted to batter in the door. Since the window closest to the doorknob had been broken as well, it would not be unreasonable to

assume that the defendant had reached his arm inside to try to unlock the door before resorting to breaking it down. And the passing of an arm through a window is enough to satisfy the entry requirement, for the entry of any part of the body is sufficient to constitute a burglary. *Commonwealth v. Stefanczyk*, 77 Pa. Superior Ct. 27 (1921).

The jury should have been permitted to determine whether the defendant reached his arm through the broken window. In *Commonwealth v. Lewis*, 346 Mass. 373, 377, 191 N.E. 2d 753, 757 (1963), *cert. den.*, 376 U.S. 933 (1964), for example, the court concluded that evidence of a door being slowly opened from the outside was sufficient to reach the jury on the question of entry, as follows: "We are of the opinion that the jury could fairly have inferred that in the course of his opening the door some portion of the defendant's hand or arm came within the house. That was enough to constitute an entry." Likewise in the instant case the jury could have fairly drawn the inference of guilt from the evidence presented by the Commonwealth.

Order reversed and remanded for a new trial.

---

DISSENTING OPINION BY HOFFMAN, J.:

The Commonwealth has appealed from President Judge GATES' order sustaining appellee's demurrer to the evidence on the charge of burglary.

An examination of the record discloses that the only evidence offered by the Commonwealth is that police officers discovered the defendant standing in front of a door to an Atlantic service station at 3:10 a.m., and that the condition of the door and window clearly indicated that someone had attempted to break into the premises. The owner of the station testified that he knew the defendant, and that he had frequently seen defendant hanging around the station observing the me-

chanic at work. Furthermore, the owner said that at 2:30 a.m., that same morning, he had seen defendant hitchhiking on the road, facing in the direction of his station. The police testified that defendant, while obviously startled by the glare of their approaching patrol car, made no effort to avoid arrest. They said that the door was splintered and that there was broken glass on the ground. The police, however, found no traces of wood shavings or broken glass on the defendant. Furthermore, while defendant was not wearing gloves, no fingerprints were found at the scene of the crime. In short, except for defendant's presence, there was no other evidence to link defendant to the commission of the crime.

The majority cites cases in support of the proposition that the passing into a building of any portion of a defendant's body or instrument handled by a defendant is sufficient to sustain a finding that there was the requisite entry for the crime of burglary. I have no argument with those cases.

The majority opinion, however, suggests that *Commonwealth v. Lewis,* 346 Mass. 373, 377, 191 N.E. 2d 753 (1963), *cert. den.,* 376 U.S. 933 (1964), is apposite to the fact situation we are faced with in the instant case. I cannot agree. The following cited portion from *Lewis* is clearly distinguishable from this case: "We are of the opinion that the jury could fairly have inferred that *in the course of his opening the door* some portion of the defendant's hand or arm came within the house. That was enough to constitute an entry." at 191 N.E. 2d 757. (Emphasis added) There is no doubt that I would join with the majority in vacating the lower court's order if the evidence, as in the *Lewis* case, had established that appellee was indeed the person who had broken the window pane and begun forcing open the door of the service station. Surely, such

proof would have sustained an inference that "in the course of his opening" the window, some portion of defendant's hand would have come within the building.

I cannot, however, conclude that the fact that police found defendant near the door, which had been the object of some malicious and illegal tampering, necessarily leads me to the inexorable conclusion that defendant had been the perpetrator of the crime. As our Supreme Court said in *Commonwealth v. Garrett*, 423 Pa. 8, 12-13, 222 A. 2d 902 (1966), "We are of the view, however, that the evidence of such participation was so weak and inconclusive that as a matter of law the inferences of fact necessary to establish guilt could not be reasonably drawn. See *Commonwealth v. Libonati*, 346 Pa. 504, 508, 31 A. 2d 95, 97 (1943).

"Appellant's presence on the scene, both immediately prior and subsequent to the commission of the crime, was established. This fact, however, in the absence of other evidence indicative of appellant's participation in the robbery, did not warrant submission of the case to the jury." See also, *Commonwealth v. Craft*, 215 Pa. Superior Ct. 477, 258 A. 2d 537 (1969).

I, therefore, would affirm the order of the lower court sustaining defendant's demurrer, and discharging the defendant.

JACOBS and SPAULDING, JJ., join in this dissenting opinion.