366 So.2d 775 (1978)
STATE of Florida, Appellant,
v.
David F. SPEARMAN, Appellee.
No. 78-520.
District Court of Appeal of Florida, Second District.
December 13, 1978.
Rehearing Denied January 26, 1979.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Edward D. Foreman, St. Petersburg, for appellee.
BOARDMAN, Judge.
Appellee/defendant David F. Spearman was charged by information with burglary. He filed a motion to dismiss pursuant to Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure. The relevant, undisputed facts are as follows. Appellee knocked on the front door of the residence of Sam Dunson. Dunson opened the door, and appellee struck Dunson in the forehead. Appellee's hand and arm entered the residence when he struck Dunson.
After a hearing the trial court found that there were no disputed material facts; that there was sufficient evidence from which the jury could find that appellee went to Dunson's residence with the intent to commit an assault, and that there was an entry into the enclosed structure by appellee's hand and arm. The trial judge then found appellee's actions could be construed to be a burglary with intent to commit an assault. Nonetheless, the court concluded that the legislature did not intend this to be a burglary and granted the motion to dismiss.
Section 810.02(1), Florida Statutes (1977), provides: "`Burglary' means entering or remaining in a structure or a conveyance *776 with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." A structure is defined in Section 810.011(1) as "any building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof."
It is well established that the unqualified use of the word "enter" in a burglary statute does not confine its applicability to intrusion of the whole body but includes insertion of any part of the body or of an instrument designed to effect the contemplated crime. State v. Whitaker, 275 S.W.2d 316 (Mo. 1955); Commonwealth v. Myers, 223 Pa.Super. 75, 297 A.2d 151 (1972); Foster v. State, 220 So.2d 406 (Fla.3d DCA 1969); 13 Am.Jur.2d Burglary § 10 (1964). The legislature is presumed to recognize the meaning of the terms it employs. Furthermore, appellee's entire body intruded into the curtilage of Dunson's residence.
In view of the plain language of the statute, it cannot be said that the undisputed facts do not establish a prima facie case of guilt.
REVERSED and REMANDED for proceedings consistent with this opinion.
GRIMES, C.J., and SCHEB, J., concur.