426 A.2d 126

**COMMONWEALTH of Pennsylvania,**

v.

**John E. GOLDSBOROUGH, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed Feb. 20, 1981.

436

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

WATKINS, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lancaster County by the defendant-appellant, John E. Goldsborough, Jr., after conviction by a jury of criminal trespass, a felony of the second degree. The defendant was sentenced to one (1) year probation and

fined $300 and ordered to pay the costs of prosecution as a result of his conviction.

The testimony produced at trial revealed that a fire occurred at 542 Walnut Street in the Borough of Columbia on March 13, 1978 during the early morning hours. The fire damaged an outside shed located on the premises and also damaged the inside rear portion of the main building located at the above address. The rear portion of the main building consisted of an apartment occupied by a Miss Detweiler, an elderly woman. The owner of the premises, Francis M. Draude, resided in the front portion of the same building.

Although not a member of the local fire company which had been called to the scene to combat the conflagration, defendant was observed helping to battle the blaze. By 4:30 A.M. the fire was brought under control and the Fire Chief sent his men home. The chief was the last man to leave the scene. Before leaving he instructed Draude and Perry Grove, a next door neighbor, to keep everyone away from the building as he (the Chief) intended to call in the State Police Fire Marshall to investigate the cause of the fire. Although some valuables had been removed from the building other property, including furniture, remained in the apartment.

At 8:00 A.M. the defendant was observed in the yard of the premises. He was seen in the yard again at 9:30 A.M. using a long handled scraper in the area where the shed had been. Perry Grove, the neighbor, then informed the defendant that the fire chief did not want the area disturbed until the fire marshall had the opportunity to inspect the area. A few minutes later the defendant entered the Detweiler apartment and was observed inside of it. Draude testified that he did not know the defendant and had not given him permission to enter the building. The defendant claims that the evidence produced at trial was not sufficient to convict him.

A person who enters any building or occupied structure, knowing that he is not licensed or privileged to do so is

guilty of criminal trespass, a felony of the second degree. *18 Pa.C.S.A. § 3503(a)(1) and (2).* If the building is abandoned the defendant is not guilty of a second degree felony. If the actor reasonably believed that the owner of the premises or other person empowered to license access thereto, would have licensed him to enter or remain in the building the defendant is not guilty of any degree of the offense of criminal trespass. *18 Pa.C.S.A. § 3503(c)(1) and (3).* While the defendant claims that the premises were abandoned we do not find that a person who has removed himself from his home because of a fire occurring a few hours prior to the entry of a person into the home has abandoned the premises. A person who leaves his home because of a fire, flood, or other catastrophe has not abandoned his home until he has been gone from the premises for a sufficiently long period of time so that his intention not to return may be inferred. The absence of the owner from his premises for a few hours does not constitute such an abandonment.

The defendant also alleges that a mere trespass into an apartment of a neighbor is not a crime, but only a tort citing *Commonwealth v. McLaughlin*, 230 Pa.Super. 420, 326 A.2d 474 (1974). *McLaughlin* interpreted a former section of the Crimes Code *(18 P.S. 4901)* which defined the crime of "unlawful entry" as follows:

"Whoever under circumstances or in a manner not amounting to burglary enters a building, or any part thereof, with intent to commit a crime, is guilty of unlawful entry."

The old "unlawful entry" offense required the Commonwealth to prove that a defendant had entered the premises with a specific intent, i. e., the intent to commit a crime. The statute under which the defendant was charged contains no such requirement. Thus, it is apparent that *McLaughlin* has no bearing on this situation.

Finally, the defendant cites *Commonwealth v. Carter*, 482 Pa. 274, 393 A.2d 660 (1978) for the proposition that the crime of criminal trespass involves a scienter element which

the Commonwealth had not proved at his trial. While *Carter* did hold that there is a scienter element to this offense, namely, that the defendant had knowledge that he lacked a license or privilege to enter the building, we hold that the Commonwealth carried its burden of proving this element. The jury could reasonably find that the defendant had entered the building knowing that he had no permission to do so as the owner of the building testified that no such permission had been given to the defendant and the defendant had been informed by the neighbor that the Fire Chief had issued orders forbidding persons to enter the premises prior to his entrance into the building. For these reasons, we affirm the defendant's conviction and hold that the Commonwealth had proved each and every element of the offense beyond a reasonable doubt.

Judgment of sentence affirmed.