## Commonwealth v. Williamson

*Kevin Kelly, assistant district attorney,* for the commonwealth.

*Edward T. Lawlor,* for defendant.

SEMERARO, *J.,* August 17, 1987 — On June 16, 1987, defendant Joseph Mark Williamson pleaded guilty to the charge of driving under the influence. This was his second offense.

Initially we ordered defendant to serve a rehabilitation program for 30 days, confined in the Father Martin Ashley Alcohol Treatment Center.

Additionally we sentenced defendant to 30 days imprisonment at Delaware County Prison deferred until August 31, 1987 to allow defendant time to complete the court-ordered rehabilitation.

On June 26, 1987, defendant filed a motion for modification of the sentence, wherein defendant requests credit for the 30-day initial rehabilitative confinement portion of this 30-day sentence in Delaware County Prison under the mandatory minimum sentencing provision of the new drunk driving laws, 75 Pa.C.S. §3714(c)(ii). Viewing the total sentence of the court, defendant requested that he be given credit against that sentence for the period June 18, 1987 to July 18, 1987 inclusive which he spent confined to the court-ordered rehabilitation facility.

On July 7, 1987 we vacated the order for sentencing entered on June 16, 1987 for hearing on defendant's motion for reconsideration. On August 10, 1987, we held the hearing for the reconsideration of sentence at which time we took the matter under advisement. We conclude under all circumstances of this record the sentence should be modified under the relevant procedural rules and Pennsylvania case law. In accordance with section 1360(1) of the Sentencing Code and Pa.R.Crim.P. 1406(b) we grant defendant credit for his initial confinement.

Section 1360(1) of the Sentencing Code provides:

"Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in

custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." 42 Pa.C.S. §9760(1)

Similarly, rule 1406(b) provides that:

"A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of the court, shall be given as provided by law for any days spent in custody by the defendant for such offence or offenses prior to the imposition of sentence."

Focusing on the custody requirements of rule 1406(b) and section 7960(1), and examining the record of the August 10, 1987 hearing wherein the restrictive nature of the Father Martin Ashley Program was presented without contradiction. We follow the line of Pennsylvania Superior Court decisions holding that time served at a restrictive treatment facility is time served "in custody" and is within the meaning of the hereinbefore sections. *Commonwealth v. Cappiello,* 248 Pa. Super. 476, 426 A.2d 126 (1981); *Commonwealth v. Mallon,* 297 Pa. Super. 163, 406 A.2d 596 (1979).

From the August 10 testimony of Mr. Husbands, a representative of the Father Martin Ashley Institution, we found as a fact that the restraint imposed on defendant during his stay at the facility was sufficient to constitute custody. *Commonwealth v. Usher,* 264 Pa. Super. 435, 399 A.2d 1129 (1979); see also, *Commonwealth v. Jones,* 211 Pa. Super. 366, 236 A.2d 834 (1967) where the restraint imposed by state hospital was held sufficient to constitute "custody" and required credit for time served.

The cases upon which the commonwealth relies, *Commonwealth v. Pryor,* 347 Pa. Super. 239, 500 A.2d 811 (1985) and *Commonwealth v. Waters,* 361 Pa. Super. 154, 522 A.2d 60 (1987); in which the Superior Court ruled that the sentencing court had no discretion to grant early parole under the mandatory drunk driving law, are distinguishable in that defendant in this case is not asking for early parole. The modification defendant here is requesting is that in conjunction to the imposition of the mandatory 30-day sentence, he be credited for the initial 30 days spent in custody against the second 30 days, thereby allowing defendant now to begin his period of parole.

For the above-stated reasons, we now modify defendant's original sentence so that defendant receives credit for the 30 days served, and ordered immediate parole for 22 months less one day.

## ORDER OF MODIFICATION OF SENTENCE

And now, August 14, 1987, defendant having been sentenced on June 16, 1987 under 123A of 1987 for driving under the influence (second offense), to not less than 30 days and not more than 23 months less one day, the court having ordered defendant begin the sentence in the Father Martin Ashley Treatment Center in Havre de Grace, Maryland from June 18, 1987 to July 18, 1987 inclusive; thereafter, to begin a period of 30 days confinement in the Delaware County Prison at Thornbury in Delaware County. Defendant has completed his 30-day confinement at the Father Martin Ashley Treatment Center and now defendant requests that we modify our sentence of June 16, 1987 to grant him credit for the initial confinement at the treatment center.

660

For this reason, defendant requested and we ordered the sentence of June 16, 1987 be vacated on July 7, 1987 in order for us to modify the sentence to credit the 30 days confinement in Father Martin Ashley Treatment Center. After a hearing on August 10, 1987, we found as a matter of fact that defendant had completed the 30-day confinement as ordered. Therefore we modify the total sentence of June 16, 1987 to not less than 30 days and not more than 23 months less one day and credit defendant with good time served for his confinement at Father Martin Ashley Treatment Center and order defendant to immediate parole without the need to file a prior parole plan.