## Commonwealth v. Peterson

*Daniel E. Holmes, assistant district attorney,* for the Commonwealth.
*Joseph K. Cottrell,* for defendant.

KIESER, *J.,* April 8, 1993—The following opinion is made this April 8, 1993, in support of the court's order denying defendant's pre-trial motion for habeas corpus entered on March 17, 1993.

## PROCEDURAL BACKGROUND

The defendant was arrested and charged with burglary, criminal trespass, conspiracy, attempted theft, theft, receiving stolen property, possessing an instrument of crime and corruption of minors. The defendant waived his preliminary hearing before District Justice Allen P. Page on October 23, 1992. In return for the defendant's waiver, the Commonwealth agreed to the filing of the defendant's motion with respect to the charges of burglary and criminal trespass. After numerous continuances, a hearing and argument was held on the matter February 22, 1993. At that hearing the Commonwealth finally agreed to the defendant's proposed factual stipulation which defense counsel had submitted on November 25, 1992. The Commonwealth introduced into evidence testimony from the investigating officer and Commonwealth's exhibits nos. 1 through 4, photos depicting the sporting goods store's mail slot and location of merchandise within the store. No evidence of record indicated that any portion of the defendant's body or co-defendant's body entered the Center City Sporting Goods store.

## FACTS

The court makes the following findings of fact:

(1) On October 11, 1992, at 22:24 hours, Williamsport police officers Hoover and Foresman responded to Center City Sporting Goods store, 43 West Fourth Street, in response to a burglar alarm.

(2) Upon arrival, police observed a coat sleeve protruding from the mail slot in the front door.

(3) Police discovered a straightened coat hanger near the door.

(4) The victim-store owner was summoned to the scene. He reported four knit hats with logos were missing from inside the store; the hats had been in a bin and on display just inside the front door; the door was locked and the building was intact without any evidence of having been broken into.

(5) Shortly thereafter, police apprehended the defendant and his juvenile co-defendant, together at a convenience market located several blocks from the scene.

(6) A cap, which had been taken from inside the store, was found in the possession of the co-defendant.

(7) Once in custody, the defendant stated that he took a coat hanger from home and used it to commit the thefts. He also admitted to attempting to get the coat out through the mail slot but the alarm sounded and he and the co-defendant fled.

(8) The only "entry" into the store was made by the coat hanger being inserted through the mail slot; no part of the defendant's body entered the store through the mail slot or otherwise.[1]

### DISCUSSION

The issue in contention is whether the entry by the coat hanger manipulated by the defendant is sufficient to support charges of burglary and criminal trespass, without any part of the defendant's body entering the building.

Section 3502(a) of the Pennsylvania Crimes Code defines the offense of burglary as follows:

---

1. The parties also stipulated that the co-defendant admitted to using a stick to retrieve a cap and the police recovered the stick in nearby hedges.

"A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S. §3502(a).

The requirement of entry has been broadened to include the entry of any portion of the defendant's body into a building or other qualifying structure. See *Commonwealth v. Taylor,* 7 Adams L.J. 24 (1966), which states that there must be an entry to constitute the offense of burglary but the least entry of any part of the body is sufficient. See also, *Commonwealth v. Myers,* 223 Pa. Super. 75, 77, 297 A.2d 151, 152 (1972), which states "the entry of any part of the body is sufficient to constitute a burglary."

In *Myers, supra,* the defendant, Mr. Myers, was found standing in front of a door to a gasoline service station at approximately 3:00 in the morning; that the door had been splintered around the lock assembly and the window closest to the door knob had been broken; 20 minutes earlier the premises had been inspected by the arresting officers and the door was found then, to be undamaged; the Superior Court held in this case that the jury should have been permitted to determine whether the defendant had reached his arm through the broken window. The court stated "[s]ince the window closest to the doorknob had been broken as well, it would not be unreasonable to assume that the defendant had reached his arm inside to try to unlock the door before resorting to breaking it down." *Id.* at 76-77, 297 A.2d at 152.

The facts in the case at bar are different than those contained in the case of *Myers*. Here, there is no question of entry of any portion of the defendant's body; the

Commonwealth has admitted that only the hanger was inserted.

Many courts under common law principles as well as our present Crimes Code would provide that the least entry by a portion of the body into a building or other structure would constitute the necessary "entry" element of the offense.

In addition, at common law, entry by an instrument was sufficient to sustain a burglary charge.[2] This court has not had cited to it a single authority that indicates our present statute was intended to limit common law burglary in respect to the manner of entry necessary to sustain this element of the offense.

The obvious purpose of the burglary statute is to protect the sanctity of the building and the safety of the persons and contents within it. When that building is penetrated by an offender with the intent of committing an offense, in this case that of theft by removing the owner's goods, it does not matter whether the entry was by the defendant's fingernail, finger, hand or arm, nor by an instrument held and manipulated by those body parts.

It is also the opinion of this court that the entry into the structure only by the instrument of the coat hanger, under the facts of this case, constitutes an "entry" under our present burglary statute. The entry by an instrument is also sufficient to constitute the necessary

---

2. At common law an instrument used as an extension of the body could be determined to constitute a constructive entry rather than an actual entry of a body part. See *Walker v. State,* 63 Ala. 49 (1879); *State v. Crawford,* 8 N.D. 539 80 N.W. 193 (1899), where an auger was used to bore a hole through the floor to steal grain, and the grain was so situated that it ran out of the hole when the instrument was removed. This constituted at once a breaking and entering for the purpose of burglary.

element of unlawful entry under Count 3, criminal trespass. The defendant was charged with section 3503(a) of the Pennsylvania Crimes Code.[3] The statute clearly provides that "breaks into" relates to the gaining of entry. The entry that is contemplated by this statute is no different than the entry contemplated by the burglary statute.

Accordingly, the defendant's motion for habeas corpus as to Count 2 to burglary was denied.

---

3. Section 3503 Criminal trespass.

"(a) Buildings and occupied structures.—

"(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:...

"(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof....

"(3) As used in this subsection: 'Breaks into.' To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access."