J-S51008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TRAVANTI LEWIS | |
| Appellant | No. 2997 EDA 2016 |

Appeal from the Judgment of Sentence August 23, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011962-2015

BEFORE:  BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 02, 2017**

Travanti Lewis appeals from the August 23, 2016 judgment of sentence of six to twelve months imprisonment followed by three years of probation, which was imposed after he was convicted at a non-jury trial of criminal trespass.  He challenges the sufficiency of the evidence.  We affirm.

The facts giving rise to Appellant's conviction were summarized by the trial court.

> Roosevelt Rosenberg testified that on October 21, 2015 at approximately 12:30 A.M., he was walking home from work at 60th and Chestnut in Philadelphia to his home at 60th and Sansom.  While on the 6000 block of Sansom, he observed a man in the window of his next door neighbor's rowhome.  Mr. Rosenberg saw the man try to pry open the window.  When the man noticed Mr. Rosenberg walking by, he promptly stopped what he was doing and started using his cell phone.  Mr. Rosenberg testified that he recognized the individual because he had previously called the police on him when he was trying to

---

* Former Justice specially assigned to the Superior Court.

break into a house on the block. Mr. Rosenberg made an in-court-identification of the Defendant. (Notes of Testimony, 6/24/16 pp. 9-16).

Mr. Rosenberg called the police, and went into his own house. The police arrived and stood next to the neighbor's door. Mr. Rosenberg stated that the basement light in the house turned off at that point. He watched from his backyard as the Defendant jumped out of the second floor window and alerted the police officers that he was running away. (Id. at 23-24).

Police Officer William Kolb testified that on October 21, 2015, he and his partner, Officer Abdul Malik, responded to a burglar alarm at 6046 Sansom Street. When they arrived, they noticed the light on in the basement of the house. While standing outside the rear of the house, Officer Kolb observed a loud banging noise he perceived to be coming from the basement of the house. It sounded like a hammer or wrench banging on pipes. None of the windows or doors of the house were open. After Officers had surrounded the house for 30—40 minutes, securing the premises, Officer Kolb noticed the basement light had turned off so he ran to the back of the house. He [saw] the back upstairs window was completely wide open and heard rustling in the alleyway. He was subsequently notified by radio that Sergeant [Andre] Simpson had a male stopped on the block. (Id. at 32-38).

Sergeant Simpson testified that officers ran after the Defendant in the alleyway. While he was speaking with the neighbor, Mr. Rosenberg, [he] noticed that the Defendant was actually standing down the street at towards [sic] 60th Street. When Sergeant Simpson stepped down onto the sidewalk, looking in the Defendant's direction, he dipped in between two cars and continued running and ducking. Sergeant Simpson eventually ordered him down off the porch of a house at 6017 Sansom and officers placed him in custody. The Defendant was bleeding profusely. He matched the original description provided by Mr. [Rosenberg] in his 911 call. (Id. at 42-48).

The Commonwealth also called Anthony DiLella, a member of the BTR Commercial Holdings LLC, which owns the property at 6046 Sansom Street, to testify. He stated that he did not know the Defendant and the Defendant had no permission or lease to

be inside the property on October 21, 2015. At that time, the company was trying to re-rent the house because the prior tenant had recently moved out. The rental property was habitable at the time, with running water and electricity. (Id. at 53-55).

Trial Court Opinion, 12/21/16, at unnumbered 1-3.

Appellant presents one question for our review: "Was not the evidence insufficient to convict [A]ppellant of criminal trespass, graded as a felony of the second degree, where there was insufficient evidence that [A]ppellant gained entry into the property by force, breaking, intimidation, unauthorized opening of locks or through an opening not designed for human access?" Appellant's brief at 3. He contends that there was no evidence that he gained entry to the house through force, and thus, the conviction of second-degree rather than third-degree criminal trespass was not supported by the evidence.

In reviewing the sufficiency of the evidence, we are required to "determine 'whether the evidence admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the [fact finder's] finding of all the elements of the offense beyond a reasonable doubt.'" **Commonwealth v. Packer**, 2017 Pa. LEXIS 1942 n.3 (Pa. 2017) (quoting **Commonwealth v. Cash**, 137 A.3d 1262, 1269 (Pa. 2016)).

Criminal trespass is defined in relevant part as:

**(a)** *Buildings and occupied structures*.

**(1)** A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

> **(i)** enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

> **(ii)** breaks into any building or occupied structure or separately secured or occupied portion thereof.

**(2)** An offense under paragraph (1)(i) is a felony of the third degree, and an offense under paragraph (1)(ii) is a felony of the second degree.

**(3)** As used in this subsection:

"*Breaks into*." —To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.

18 Pa.C.S. § 3503 (emphasis added).

Appellant was charged with violating § 3503(1)(ii), criminal trespass by breaking into a building or occupied structure. He contends that the Commonwealth failed to establish that he broke into the property located at 6046 Sansom Street as required to sustain a conviction for second-degree felony criminal trespass. According to Appellant, Mr. Rosenberg's testimony that Appellant was "trying to break in" was conjecture, supported only by Mr. Rosenberg's observation that Appellant was standing suspiciously around the property. Appellant's brief at 10. Appellant points out that there was no damage to the house, the front, back door and side windows were locked, and Officer Kolb did not see an open second floor window. The officer merely noticed a basement light initially was on, and then was turned off,

and then the officer saw an open upstairs window, heard a dog barking, and heard rustling in the backyard.

Appellant acknowledges that Mr. Rosenberg observed him exiting from the second floor window of the house. He contends, however, this evidence failed to establish that he gained entry to the house by force as defined in the statute. While such evidence may have supported a conviction of a lesser degree of criminal trespass, Appellant maintains that it does not make out a case of second-degree felony criminal trespass. In support thereof, he relies upon *Commonwealth v. Cook*, 547 A.2d 406 (Pa.Super. 1988), where the defendant's opening of an unlocked door was held to be insufficient to increase the criminal trespass to a second-degree felony.

According to the Commonwealth, direct evidence of breaking is not required. It relies upon *Commonwealth v. Myers*, 297 A.2d 151 (Pa.Super. 1972), where Appellant's presence in front of a gas station at 3:10 a.m., where the door of the establishment had been splintered around the lock assembly, and the window closest to the doorknob broken, was sufficient to prove a forced entry. The Commonwealth contends that "strong circumstantial evidence" indicated that Appellant broke a window to enter the home. Mr. Rosenberg saw Appellant trying to pry open a window, and then pretending to look at his phone when he realized he was being observed. Mr. Rosenberg believed Appellant had already broken the window and was trying to open it, a belief that was corroborated by the fact that a

burglar alarm was activated, alerting police. The Commonwealth also maintains that the "breaks into" element was met with evidence of entry "through an opening not designed for human access," namely a window.

The trial court concluded there was ample evidence of "breaking." The court relied upon **Commonwealth v. Black**, 580 A.2d 1391 (Pa.Super. 1990), where this Court held that evidence that a defendant tried to pry open a window of a home was legally sufficient to sustain a conviction of an attempted § 3503(a)(1)(ii) criminal trespass. The behavior constituted a substantial step to entering the home by force. The trial court herein found that Mr. Rosenberg's testimony that Appellant was attempting to lift a closed window at 12:45 a.m., together with proof that Appellant gained access to the property, established the breaking element beyond a reasonable doubt.

After a thorough review of the record, we find the evidence that Appellant broke into the property to be sufficient to sustain the conviction for second-degree felony criminal trespass. Mr. Rosenberg first observed Appellant "trying to put the window up" on the property on October 15, 2015 at approximately 12:40 a.m., as he was returning home from work. He called police on that occasion, but surmised that Appellant left before police arrived.

A similar event occurred on October 21, 2015, at approximately the same time of night. Mr. Rosenberg observed Appellant trying again to open a window to gain access to the neighboring property. Appellant was wearing

the same hoodie that he had been wearing the prior week. Mr. Rosenberg called police to report a break in, but a burglar alarm had already alerted police who were en route. When police arrived, the house was secured. All doors and windows were locked. However, Officer Kolb could hear a banging sound emanating from the basement. The officers observed a light in that location, which was later extinguished. Shortly thereafter, Mr. Rosenberg saw Appellant jump from a second floor rear window and run away from police. He pointed out Appellant to Sergeant Simpson, who pursued Appellant. Officer Kolb verified that the previously closed second floor window was now open. Appellant was apprehended close by and identified by Mr. Rosenberg as the perpetrator. He was bleeding profusely from what was stipulated to be a fractured jaw. One of the owners of the home testified that it was habitable, and that he did not know Appellant or give him permission to enter the premises.

The Commonwealth asked the trial court to infer that Appellant's injuries were sustained when he jumped from the second floor window and, furthermore, that he was attempting to steal pipes. The court declined to infer attempted theft or burglary since there was no evidence that anything was missing or damaged. It concluded, however, that prying open a window to gain access constituted a "breaking," and that Appellant was guilty of criminal trespass, a second-degree felony.

It is not the role of this Court to reweigh the evidence and substitute our judgment for that of the finder of fact. If, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established beyond a reasonable doubt, then that evidence will be deemed sufficient to support the verdict. *Commonwealth v. Lewis*, 911 A.2d 558 (Pa.Super. 2006). That burden may be met with proof beyond a beyond a reasonable doubt of every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Brooks*, 7 A.3d 852 (Pa.Super. 2010).

The fact finder credited Mr. Rosenberg's testimony that he observed Appellant trying to break in through the window of the residence. Preliminarily, we agree with the Commonwealth that a door, rather than a window, is designed for human access. Moreover, there was considerable circumstantial evidence that Appellant broke into the residence. Mr. Rosenberg immediately reported the event as a burglary in progress to police. Simultaneously, an armed burglar alarm was tripped, and police were alerted that there was a possible intruder at the residence. When police arrived, all windows and doors were locked, but a light and noises suggested that someone was inside. The light was subsequently extinguished and, shortly thereafter, Mr. Rosenberg saw Appellant jump out of a second floor window. When Appellant was apprehended moments later,

he exhibited injuries consistent with the second-floor escape. Such circumstantial evidence was sufficient to support the trial court's finding that Appellant broke into the property, and his conviction for second-degree felony criminal trespass.

Judgment affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: <u>10/2/2017</u>