J-S79043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ELLIOTT QUIJANO | : | |
| | : | |
| Appellant | : | No. 1923 EDA 2016 |

Appeal from the Judgment of Sentence May 19, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012987-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED DECEMBER 19, 2017**

Appellant, Elliott Quijano[1], appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial conviction of attempted criminal trespass[2]  We affirm.

The trial court opinion fully sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.  We add only that Appellant filed a timely post-sentence motion on May 26, 2016, which the court denied on June 2, 2016, and Appellant filed a timely notice of appeal on June 16, 2016.  On June 17, 2016, the court ordered Appellant

_____

[1] The docket and other paperwork in this matter erroneously spell Mr. Quijano's surname as "Quijano."

[2] 18 Pa.C.S.A. § 3503, 901(a) related.

to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), which Appellant filed, after the grant of an extension, on December 23, 2016.

Appellant raises the following issues for our review.

> WAS NOT THE EVIDENCE…INSUFFICIENT FOR [APPELLANT'S] CONVICTION FOR ATTEMPTED CRIMINAL TRESPASS, INSOFAR AS THERE WAS INSUFFICIENT EVIDENCE OF ANY INTENT TO ACTUALLY ENTER THE BUILDING?
>
> IN THE ALTERNATIVE, WAS NOT THE DETERMINATION OF GUILT AGAINST THE WEIGHT OF THE EVIDENCE TO SUCH A DEGREE AS TO SHOCK THE CONSCIENCE?

(Appellant's Brief at 4).

After a thorough review of the record, the brief of the parties, the applicable law, and the well-reasoned opinion of the Honorable Mia Roberts Perez, we conclude Appellants issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed February 03, 2017, at 1-6) (finding **(1)** evidence viewed in light most favorable to Commonwealth showed Appellant lacked permission to enter Mr. King's premises; Mr. King testified credibly that Appellant was not invited into Mr. King's residence on evening in question; Appellant's loud and disruptive attempt to enter Mr. King's home was foiled when Mr. King awoke and shooed Appellant away; testimony regarding Appellant's and Mr. King's prior disputes served only to advance conclusion that Appellant knew he had no license to enter Mr.

King's property; court found Appellant's assertion, that he was simply trying to close Mr. King's window so Appellant's exercise on porch would not be disruptive, completely incredible and inconsistent with Mr. King's description of how Appellant's outstretched arms were positioned, palms facing up; Mr. King's account described Appellant's behavior as consistent with attempted entry into his house; **(2)** court decided as fact-finder to reject Appellant's version of events; verdict was not against weight of evidence).[3]. Accordingly, we affirm based on that opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017

---

[3] Subsections (b.1)(1)(iv) and (b.1)(2) of Section 3503 Criminal Trespass, were declared unconstitutional in **Leach v. Commonwealth**, 636 Pa. 81, 141 A.3d 426 (2016) (holding those subsections violate single subject rule of Article III, Section 3 of Pennsylvania Constitution). The holding in **Leach**, does not affect our disposition because Appellant was convicted and sentenced under subsection (a)(1)(ii).

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION- CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA     :        CP-51-CR-12987-2015

           V.                  :        1923 EDA 2016

       ELLIOT QUIJANO        :

                                   :

---

## OPINION



CP-51-CR-0012987-2015 Comm. v. QUIJANO, ELLIOTT
Opinion

7898041031

Perez, J.

**FILED**

FEB 0 3 2017

Criminal Appeals Unit
First Judicial District of PA

### PROCEDURAL HISTORY

On March 10, 2016, Defendant was found guilty of attempted criminal trespass as felony of the second degree. On May 19, 2016, following the denial of Defendant's oral motion for extraordinary relief, he was sentenced to 11.5-23 months of incarceration followed by three years of reporting probation. On June 16, 2016, a timely appeal was filed. On July 12, 2016, this Court granted an extension for Defendant to file his Statement of Errors within 21 days of receiving the trial transcripts. Defendant filed his Statement of Errors Complained of on Appeal on December 23, 2016 challenging the sufficiency and weight of evidence at trial. This trial court Opinion follows.

### FACTUAL HISTORY

Jonathan King testified that on November 18, 2015, at approximately 9:55 P.M., he was asleep in the basement of his home at 4434 Sherwood Road, located in the city and county of Philadelphia. He was awoken by a strange noise that he described as "metal banging against

1

metal." Notes of Testimony 3/10/16 p. 13. The sound was loud and unusual enough to arouse Mr. King's suspicion. He then heard the noise several more times and got up to determine what was causing it. Upon investigation, Mr. King determined that the banging noises were coming from outside his residence. Id. at 14-18. He ran up the stairs from the basement and turned on a light in his dining room area and observed "arms out stretched reaching inside the house." (Id. at 18). As he approached, he discovered that the man reaching into his house was his neighbor, the Defendant. The Defendant had his palms facing upwards inside the house and was pulling down on the interior part of the window. Id. at 19-20. He further explained that when he first observed the window, it was opened at least 16 inches. Id. at 29. Mr. King testified that the Defendant did not have permission to be inside his home on the evening in question.

On cross examination, Mr. King stated that he and the Defendant share a back porch, which also serves as a fire escape for the homes. Id. at 22-23. He further testified that he and the Defendant were involved in an ongoing dispute over the Defendant's loud and disruptive behavior on the porch. The Defendant had previously called the police to complain about this dispute. The Defendant testified that he did in fact touch the Complainant's window, but only in an effort to close it, not to enter. Id. at 46-47. Ultimately, defense counsel argued that Mr. King called the police and pursued the complaint in retaliation against the Defendant.

Importantly, this Court found the Defendant's testimony not credible with respect to the intent behind his conduct. The Defendant's assertion that he was simply attempting to close the window was inconsistent with the Complainant's description of how the Defendant's outstretched arms were positioned. Mr. King's account clearly described the Defendant's behavior as being consistent with an attempted entrance into the house. The Defendant made a significant amount of noise while manipulating the window and had his palms facing upwards as

2

he reached inside the house. Noticeably absent from the Defendant's narrative was any explanation of why he was reaching up into his neighbors home. Had the Defendant attempted to close the window to avoid a confrontation with Mr. King, he would have also avoided causing a serious disturbance. To the contrary, he made such a commotion as to wake Mr. King up, who reasonably believed someone was trying to break into his home.

## STANDARD OF REVIEW

In evaluating the sufficiency of the evidence a reviewing Court will determine:

> whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt.

Commonwealth v. Jackson, 506 Pa. 469, 472-473, 485 A.2d 1102, 1103 (1984).

Our standard of review for a weight of the evidence challenge is as follows:

The determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that discretion absent an abuse of discretion. Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record. A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice.

It must be emphasized that it is not for this Court or any appellate court to view the evidence as if it was the jury. Our purview is extremely limited and is confined to whether the

3

trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. Commonwealth v. Santiago, 980 A.2d 659, 663–64 (Pa.Super.2009) (citations omitted).

## LEGAL DISCUSSION

The crime of criminal trespass is committed when a person enters a building or occupied structure knowing that he is not licensed to do so (18 Pa.C.S. § 3503) and is graded as a felony of the second degree. Criminal trespass is defined by statute as follows:

A person commits an offense [of criminal trespass] if, knowing that he is not licensed or privileged to do so, he: (i) enters, gains entry by subterfuge or surreptitiously remains in any occupied structure or separately secured or occupied portion thereof; or (ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S.A. § 3503. The evidence, viewed in the light most favorable to the Commonwealth, showed a lack of permission and an entry into the Complainant's premises. Mr. King testified that Defendant was not invited to their residence on the evening in question, either by himself or anyone else.

Here, the Defendant was convicted only of an attempted criminal trespass. Our legislature has defined an attempt as follows:

§ 901. Criminal attempt

Definition of attempt.-A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime

4

18 Pa.C.S.A. 901(a). Here, the Defendant attempted to commit the crime of criminal trespass. Importantly, the Superior Court has held that there is no requirement that the Commonwealth demonstrate as an element of the criminal trespass offense that the actor entered the building with any specific criminal intent. Commonwealth v. Goldsborough, 284 Pa.Super. 435, 438, 426 A.2d 126, 127 (1981). Certainly, the Superior Court has found insufficient *mens rea* to support a trespass conviction where defendant had a good faith belief that he had a prescriptive right to be on the property in question. Commonwealth v. Johnson, 2003 PA Super 65, 818 A.2d 514 (2003).

The Superior Court has defined entry to include passing an arm through a window. Commonwealth v. Schwartz, 419 Pa.Super. 251, 273, 615 A.2d 350, 361 (1992); Commonwealth v. Myers, 223 Pa.Super. 75, 297 A.2d 151 (1972). In Schwartz, a conviction for trespass was upheld where the Defendant punched a window, breaking a pane of glass, but never entered the property in any other manner.

The evidence here, viewed in the light most favorable to the Commonwealth, demonstrated a lack of permission and an attempted entry into the Complainant's premises. Mr. King testified credibly that the Defendant was not invited into the residence on the evening in question, either by himself or anyone else. The Defendant's loud and disruptive attempt was foiled when Mr. King awoke and shooed the Defendant away from his property. The testimony regarding the ongoing dispute between Defendant and Mr. King only serves to advance the conclusion that Defendant was aware that he had no license to enter. Moreover, this Court was well within its province as the sole trier of fact to reject the Defendant's version of events.

5

## CONCLUSION

For the foregoing reasons, the underlying judgment should be affirmed.


BY THE COURT:

Judge Mia Roberts Perez